IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE J. BOLTON,<br><br>Plaintiff,<br><br>vs.<br><br>LORETTA LYNCH, Attorney General of the United States,<br><br>Defendant. | No.: 2:15–CV–294–DWM<br><br><br><br>PROTECTIVE ORDER |

Having considered Defendant's Unopposed Motion for a Protective Order, and good cause appearing,

IT IS ORDERED that the motion (Doc. 14) is GRANTED.  Defendant may disclose to Plaintiff's counsel government documents and information containing what Defendant asserts is subject to the Privacy Act, 5 U.S.C. § 552a, subject to the following Protective Order.  Defendant may also disclose government documents and information protected from disclosure by the law enforcement privilege, attorney-client privilege, and attorney work-product doctrine, subject to the following Protective Order, without waiving those privileges.

### PRIVACY ACT PROTECTIVE ORDER

1. Pursuant to 5 U.S.C. § 552a(b)(11), and subject to the conditions described

below, Defendant is authorized to release to Plaintiff's counsel government records and information containing what Defendant asserts is Privacy Act protected information. Without determining that issue, Defendant may disclose this information contained within the documents to Plaintiff's counsel without obtaining prior written consent of the individuals to whom those records pertain, and such disclosure shall not violate the Privacy Act.

2. Pursuant to Federal Rule of Civil Procedure 26(c)(1)(B), Defendant may disclose documents and information to Plaintiff's counsel that may be protected from disclosure by the law enforcement privilege, attorney-client privilege, and attorney work-product doctrine without waiving those privileges outside of this litigation or to third-parties.

3. The parties shall take reasonable steps to protect the privacy interests of the third-party individuals contained within the documents. Plaintiff's counsel shall not copy or disseminate any records and information marked "confidential and/or privileged" as provided by Defendant except as otherwise provided in this Order or as permitted by the Court.

4. These documents shall be used by the parties only for purposes of litigating this case, including any subsequent appeals. Persons receiving copies of protected documents or the contents of protected documents subject to this Protective Order

shall not use such documents or other information for any other purpose. At the conclusion of this litigation, including any subsequent appeals, the parties' counsel will retrieve all copies of the documents that they have provided to staff or experts and destroy the copies or return them to the United States Attorney's Office for the District of Arizona, care of Special Attorney Ann E. Harwood or her designee. If the documents that are retrieved by counsel are destroyed, counsel shall so notify Special Attorney Harwood or her designee in writing.

5.  If the parties intend to file documents containing personally identifiable information or privileged information in the Court file or use them as exhibits to depositions, they shall take steps to protect the privacy of the individuals identified in these records through redaction of personally identifying information. Defendant asserts this is required by the United Stated District Court Eastern District of Washington, ECF Administrative Procedures, § VI(C), Privacy Concerns (May 6, 2015) and Rule 5.2 of the Federal Rules of Civil Procedure. Both parties shall protect the "Privileged and/or Confidential" marked information by filing such documents under seal. Prior to the filing or use of these documents as exhibits to depositions, or at trial, the parties shall confer with each other, and may designate that part of the transcript, and any exhibit, as a confidential transcript and exhibit.

6.  All information that is asserted by either party as privileged under the law enforcement privilege and the attorney work-product doctrine and is attorney-client communication produced or presented in this action may be used only by the parties, members of their legal teams (i.e., lawyers, paralegals, investigators, support staff), and all persons retained by the parties (i.e., outside investigators, consultants, expert witnesses), and only for the purpose of litigating Plaintiff's Title VII and Equal Pay Act claims in this litigation. Neither party shall disclose these materials or the content of these materials to any other persons or agencies without prior Court order.  This Order shall continue in effect after the conclusion of the proceedings.  Any modification or vacating of this Order shall only be made upon notice to, and an opportunity to be heard from, both parties.

7.  Defendant and its officers, employees, or attorneys, shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiff's counsel under this Protective Order, or of any information contained in such documents.  Plaintiff shall not bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Defendant's counsel under this Protective Order, or of any information contained in such documents.

8.  The United States' and Defendant Lynch's limited waiver of law

enforcement privileged, attorney-client privileged, and attorney work-product materials for purposes of this litigation extends only to material from relevant U.S. Attorney Eastern District of Washington criminal cases relevant to the issues in this litigation.

9. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act and/or the law enforcement privilege, attorney-client privilege, or attorney work-product doctrine.

DATED this 9th day of February, 2016.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT